**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1703

RYAN G. CARTER; KATHLEEN E. COLE,

Plaintiffs - Appellants,

v.

UNITED STATES OF AMERICA,

Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen Lipton Hollander, Senior District Judge.  (1:21-cv-01315-ELH)

Argued:  January 25, 2024                    Decided:  March 7, 2024

Before AGEE, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:**  Christopher Thomas Casciano, BROWN & BARRON, LLC, Baltimore, Maryland, for Appellants.   Lowell Vernon Sturgill, Jr., UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:**  Brian S. Brown, Kristin R. Hosseinzadeh, Alexis I. Gbemudu, BROWN & BARRON, LLC, Baltimore, Maryland, for Appellants.   Brian M. Boynton, Principal Deputy Assistant Attorney General, Mark Stern, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Erek Barron, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ryan G. Carter, a reservist in the Air National Guard and dual-status technician for the military, and his wife, Kathleen E. Cole, appeal the district court's judgment dismissing their Federal Tort Claims Act action for lack of subject matter jurisdiction under *Feres v. United States*, 340 U.S. 135 (1950), having found the injuries arose out of or were in a course of activity "incident to service." We have jurisdiction under 28 U.S.C. § 1291, and we review dismissals under *Feres* de novo. *Clendening v. United States*, 19 F.4th 421, 426 (4th Cir. 2021). We affirm the district court's dismissal.

The district court properly dismissed the claims of alleged medical malpractice, lack of informed consent and loss of consortium all stemming from surgery that took place at Walter Reed National Military Medical Center. Carter received the surgery at Walter Reed—performed by military doctors—because he was a member of the military. And although he was on inactive status as an Air National Guardsman at the time of the surgery, he was neither discharged from the military nor on leave substantially similar to discharged or veteran status. Under our precedent, that is enough to bar the couple's claims under *Feres*.* *See Appelhans v. United States*, 877 F.2d 309, 311 (4th Cir. 1989) (finding *Feres* applicable to servicemember on excess leave pending discharge because "his injury occurred as a result of medical treatment by military doctors . . . conclusively demonstrat[ing] that that injury was 'incident to service'"); *see also Clendening*, 19 F.4th

---

* A derivative loss of consortium claim is similarly barred by *Feres* under our precedent. *See Kendrick v. United States*, 877 F.2d 1201, 1206–07 (4th Cir. 1989).

at 428 (noting the current breadth of the doctrine in the circuit, "encompass[ing], at a minimum, *all* injuries suffered by military personnel that are even remotely related to the individual's *status* as a member of the military" (citation omitted)). Accordingly, we

*AFFIRM.*